taxicab investigating a report of a man with a weapon. The defendant was noticed walking out of his own building, and the officers' attention was drawn to him solely because he was the only person in the vicinity at the time. While being observed, the defendant ran back into his building and went down the hall. One of the officers got out of the cab and pursued the defendant up the stairs of the apartment building, and during the pursuit noticed the barrel of a shotgun hanging down beneath the defendant's coat. The officer followed the defendant to the roof where the latter discarded the shotgun and went down the stairs of an adjoining building. There was no reason for the initial police pursuit of the defendant, and therefore the evidence obtained may not be used against the defendant. (See *People v Ingle,* 36 NY2d 413; *People v Townes,* 41 NY2d 97, 101; *People v Hendricks,* 55 AD2d 879.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v· MATTHEW LAW, Appellant.—On this appeal from a judgment, rendered on January 17, 1974, in the Supreme Court, New York County, convicting defendant on his plea of guilty of attempted possession of a weapon as a class E felony and sentencing him to an indeterminate period of imprisonment not to exceed three years, assigned counsel, after conscientiously examining the record, has sought leave to withdraw. The application is supported by a brief in compliance with *People v Saunders* (52 AD2d 833) (see, also, *Anders v California,* 386 US 738). Counsel has concluded that the record in this case does not reveal any valid appealable issue, and that the appeal is, in effect, frivolous. After a review of the record and proceedings in this case, this court agrees with counsel for appellant that there are no issues to be raised on this appeal that would not be frivolous. Accordingly, the application by counsel to withdraw is granted, and the judgment of conviction is unanimously affirmed. Concur—Kupferman, J. P., Murphy, Birns, Silverman and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO LONBERT, Also Known as PEDRO LOMBERT, Appellant.—On this appeal from a judgment rendered on September 25, 1974, in the Supreme Court, New York County, convicting defendant on his plea of guilty to criminal sale of a dangerous drug in the second degree and sentencing him to a term of imprisonment not to exceed nine years, assigned counsel, after conscientiously examining the record, has sought leave to withdraw. The application is supported by and contained in a brief in compliance with *People v Saunders* (52 AD2d 833) (see, also, *Anders v California,* 386 US 738). Counsel has concluded that the record in this case does not reveal any valid appealable issue, and that the appeal is, in effect, frivolous. After a review of the record and proceedings in this case, this court agrees with counsel for appellant that there are no issues to be raised on this appeal that would not be frivolous. Accordingly, the application by counsel to withdraw is granted, and the judgment of conviction is unanimously affirmed. Concur—Stevens, P. J., Murphy, Lupiano, Silverman and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DEES, Appellant.—On this appeal from a judgment rendered on November 25, 1974, in the Supreme Court, Bronx County, convicting defendant on his plea of guilty of robbery in the second degree and sentencing him to a term of four and one half to nine years' imprisonment, assigned counsel, after conscientiously examining the record, has sought leave to withdraw. The application is supported by a brief in compliance with *People v Saunders* (52 AD2d 833) (see, also, *Anders v California,* 386 US 738). Counsel has concluded that the record in this case does not reveal any valid appealable